**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**East St. Louis**

| | |
|---|---|
| WILLIE OTIS BLUE, JR., ) | |
| ) | |
| Debtor, ) | Cause No.     12-30503-lkg |
| ) | |
| v. ) | Chapter 7 |
| ) | |
| CADLES OF GRASSY ) | Hearing date: April 7, 2015 at 9:00 a.m. |
| MEADOWS II, L.L.C., ) | |
| A West Virginia Limited ) | |
| Liability Company, and ) | |
| ASSOCIATED BANK, N.A., ) | |
| ) | |
| Respondents. ) | |

**CADLES OF GRASSY MEADOWS II, L.L.C.'S**
**MEMORANDUM IN OPPOSITION TO DEBTOR'S MOTION FOR DAMAGES FOR**
**VIOLATIONS OF THE DISCHARGE INJUNCTION**

COMES NOW respondent Cadles of Grassy Meadows II, L.L.C., ("Cadles") by and through counsel Martin, Leigh, Laws & Fritzlen, P.C., and provides this memorandum in opposition to debtor's motion for damages.

**Introduction**

Debtor Willie Otis Blue, Jr., ("Debtor") filed his motion for damages against Cadles and Associated Bank, N.A. ("Associated") for a single letter Cadles sent Mr. Blue's attorney after the conclusion of Mr. Blue's bankruptcy case. The debtor seeks actual and punitive damages from the respondents. The debtor has failed to allege facts which warrant awarding any damages and his motion should be denied.

**Factual Background**

On May 13, 2004, Popeye's Auto Repair Center, Inc., took out a $15,000.00 loan from Associated. The promissory note was signed by "Willie O. Blue, Jr, President of

Popeye's Auto Repair Center, Inc." and "Angela D. Smith-Blue, Vice President of Popeye's Auto Repair Center, Inc.".  A copy of the Note is attached as Exhibit "1" and incorporated herein by reference.  Repayment of the note was secured by security interests and liens on collateral owned by Popeye's Auto Repair Center, including a second mortgage on non-residential property located at 2020 State Street, East St. Louis, Illinois 62201 and a 1985 Chevrolet Blazer.  The Blues also executed guaranties for the repayment of the note; copies of the guaranties are attached as Exhibits "2" and "3" and incorporated herein by reference.

In addition to the $15,000.00 loan to Popeye's Auto Repair Center, Inc., Popeye's Auto Repair Center, Inc. borrowed an additional amount, believed to be in excess of $200,000.00, from Associated and granted Associated a first mortgage on the 2020 State Street property as security for that loan.

Popeye's Auto Repair Center, Inc. failed to repay its obligations under both Associated promissory notes, and in 2008, after foreclosure of the 2020 State Street property, Associated obtained a deficiency judgment against Popeye's Auto Repair Center, Inc., Angela Blue, and Willie O. Blue, Jr. in the amount of $125,109.28 for the balance due on the note secured by the first mortgage and the entire amount of the $15,000.00.

On March 20, 2012, Debtor filed his Chapter 7 bankruptcy petition.  The order of discharge was entered on July 2, 2012.  On August 15, 2014 Cadles purchased Popeye's Auto Repair Center, Inc.'s $15,000.00 debt from Associated.  On September 2, 2014, Cadles mailed the letter marked Exhibit "F" to debtor's motion to William A. Mueller, Esq. The second paragraph of the letter reads, in all capital type:

> **IF BY CHANCE YOU OR ANY GUARANTORS OR ANY OF THE CO-MAKERS ON THE LOANS HAS FILED BANKRUPTCY OR HAS BEEN DISCHARGED IN BANKRUPTCY, THIS STATEMENT DOES NOT REPRESENT A DEMAND FOR PAYMENT, AND IS**

**NOT INTENDED TO BE A DEMAND FOR PAYMENT. PLEASE SEND ANY PAPERS SHOWING THIS DEBT WAS INCLUDED IN BANKRUPTCY."**

A copy of the letter is attached as Exhibit "4" and incorporated herein by reference.

Also on September 2, 2014, Cadles sent copies of the letter to Angela Blue at 507 North 22nd Street, East St. Louis, Illinois, and to Popeye's Auto Repair Center, Inc. at 2020 State Street. Copies of those letters are attached as Exhibits "5" and "6" and are incorporated herein by reference.

On January 6, 2015, debtor filed a complaint in the United States District Court for the Southern District of Illinois against Cadles for violations of the Federal Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act (Cause No. 3:15-cv-00008-DRH-DGW) based on the letter at issue in this motion. The complaint was filed by Mr. Haller and Ms. Bach, the attorneys who filed the instant motion before the Court. The complaint sought damages under two inapplicable consumer statutes for this commercial business loan. Upon receiving Cadles' answer to the complaint and being advised they had not investigated their client's claim before filing the district court case, plaintiff's counsel voluntarily dismissed the case in district court with prejudice on February 20, 2015.

On March 6, 2015 Debtor filed a motion to reopen his Chapter 7 case and his motion for damages for violations of the discharge injunction. The debtor alleges he "has suffered significant emotional distress and mental anguish" as a result of receiving the September 2, 2014 letter regarding the commercial loan for Popeye's Auto Repair Center, Inc. from his attorneys and that both actual and punitive damages from Cadles are warranted.

**Argument in Opposition to Debtor's Motion**

The debtor correctly states the law regarding to the standards and elements for recovery for violating the discharge injunction. In this case, however, the debtor has failed to allege and cannot show any facts which warrant the impositions of damages against Cadles for sending one letter with disclaimer language to Mr. Haller's law firm. The debtor's motion should be denied.

A. <u>Cadles did not violate the discharge injunction by sending the September 2, 2014 letter</u>

The debtor correctly points out that "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge" and cites *Cox v. Zale Delaware, Inc.,* 239 F.3d 910 (7th Cir. 2001). In this case the letter sent to Mr. Mueller specifically stated, in bold print, Cadles was not seeking to collect any debt which had been discharged. The letter sent to the debtor's attorneys cannot reasonably be construed as an attempt to collect a discharged debt when the letter specifically states it is not.

Furthermore, there is no dispute that while Mr. Blue's personal liability for the debt in question was discharged, the debt itself, which is the loan to debtor's company Popeye's Auto Repair Center, Inc. was NOT discharged and remains fully enforceable against the corporation.

The debtor has not cited one case which holds that a letter containing disclaimer language such as Cadles' September 2, 2014 letter can nevertheless be deemed to violate the discharge injunction or is in contempt of the order of the bankruptcy court. Likewise, he has not cited any case finding that post-discharge correspondence sent to a debtor's bankruptcy counsel, which presumably is read and analyzed by counsel before being discussed with the debtor, can be a violation of the injunction. The debtor has failed to allege the elements needed to prevail on a motion for contempt and his motion should be dismissed.

B.  <u>The debtor has failed to show he is entitled to actual damages</u>

The debtor claims he was forced to retain counsel as a result of the letter Cadles sent Mr. Mueller and that debtor "expended numerous hours consulting with his attorneys as a result" of Cadles actions.  The debtor does not allege he had any contact from Cadles other than the letter his attorney forwarded him.  He does not allege he had to repeatedly tell Cadles about his bankruptcy case, and he does not explain why a letter that clearly stated it should be disregarded if he had filed bankruptcy or received a discharge caused anything more than a brief telephone call to his bankruptcy attorney to confirm.

The debtor's legal fees can only be from his and his counsel's decision to file multiple legal proceedings resulting from one letter and were not to stop the collection of a debt.  The debtor alleges he and his attorneys spent hours together addressing this matter, yet never once did his attorneys discover it was in fact a commercial debt of Popeye's Auto Repair Center, Inc. until Cadles' counsel sent them a copy of the promissory note.

The purpose of awarding attorney's fees for prosecuting a motion for contempt is to provide debtors with meritorious cases an opportunity litigate claims they otherwise could not afford. *Id.* at 916.  It is not to encourage debtors and their attorneys to reopen closed bankruptcy cases as a first resort after receiving one letter which states discharged debts are not being collected.  Such an award is appropriate only when there is a "deliberate, indeed a flagrant" violation. *Id.*  That did not occur in this case.

C.  <u>Punitive damages are unwarranted and unavailable to this debtor.</u>

In addition to actual damages, the debtor seeks punitive damages against Cadles.  For punitive damages to be available, the debtor must show outrageous conduct that must be stopped by a punishment by the court.  Importantly, the court in the *Cox* case pointed out that in order for

a debtor to recover punitive damages for a violation of the discharge injunction, the debtor presumably has to prove **criminal contempt** by the creditor, since punishment is not the purpose of civil contempt. *Cox* at 916.

Despite alleging several times in his motion that Cadles' conduct was particularly egregious and that the respondent frequently, regularly, and willfully violates discharge orders, the debtor cannot show any contact he had from Cadles after the order of discharge was entered other than the letter with the disclaimer. He has not plead any particular facts alleging conduct that warrants the imposition of punitive damages or alleged any conduct by Cadles at all, either toward him or any other debtor, other than sending his attorneys one letter. Punitive damages against Cadles are unwarranted and unavailable to this debtor.

## Conclusion

The debtor has failed to allege any facts sufficient to support his motion for contempt. Cadles did not violate the order of discharge when it sent the September 2, 2014 letter to Mr. Blue's attorney. The debtor cannot show any damages as result of reading the letter and any costs he and his attorneys have incurred were surely not to stop the collection of a debt. The debtor does not plead and cannot prove any facts that Cadles' conduct warrants punitive damages. Cadles prays the Court deny the debtor's motion, award Cadles its fees for defending this motion, and for such further orders as the Court deems just and proper in the premises.

...

Respectfully submitted,

MARTIN, LEIGH, LAWS & FRITZLEN, P.C.

/s/ Amy T. Ryan
Amy T. Ryan, #6244881
16305 Swingley Ridge Road, Suite 350
Chesterfield, MO  63017
Telephone:     (636) 534-7600
Facsimile:      (636) 534-5520
atr@mllfpc.com
***Attorney for Cadles of Grassy Meadows II, L.L.C.,
 a West Virginia Limited Liability Company***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served to all counsel of record on the 31st day of March, 2015 via the Court's ECF system.

/s/ Amy T. Ryan